AO 106 (Rev. 04/10) Application for a Search Warrant     Approved and Authorized/Date: s/ DANIEL D. GRIDLEY, JR., 1-17-24

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No. MJ-24- 44 -AMG
Samsung cellular phone & SIM with a dark grey back )
cover listing model "SM-A325M", "IMEI: )
356263/31/416428/0 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Western_____ District of _____Oklahoma_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
 ☑ evidence of a crime;
 ☑ contraband, fruits of crime, or other items illegally possessed;
 ☑ property designed for use, intended for use, or used in committing a crime;
 ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession of a Controlled Substance with Intent to Distribute |
| 21 U.S.C. § 846 | Drug Conspiracy |

The application is based on these facts:
See attached Affidavit, which is incorporated by reference herein.

 ☑ Continued on the attached sheet.
 ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Brian Hess, United States Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/17/2024

_____
Judge's signature

City and state: Oklahoma City, Oklahoma

Amanda Maxfield Green, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| IN THE MATTER OF THE SEARCH OF: A SAMSUNG CELLULAR PHONE & SIM WITH A DARK GREY BACK COVER LISTING MODEL "SM-A325M", "IMEI: 356263/31/416428/0 | ) ) ) ) ) ) ) ) ) ) MJ-24-_____-AMG Filed Under Seal |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Brian Hess, being duly sworn, do hereby depose and state:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Postal Inspector with the United States Postal Inspection Service (USPIS) and have been so employed since January 2013. I am currently assigned to the Fort Worth Division of the USPIS domiciled in Oklahoma City, Oklahoma. I am responsible for conducting investigations of crimes against the United States Mail in violation of federal law(s). My duties include the investigation of illegal mailings and the receipt of controlled substances, possession of which violates Title 21, United States Code, Sections 841(a)(1) and 846.

2. Prior to working for the USPIS, I was employed as an agent with the Oklahoma State Bureau of Narcotics and Dangerous Drugs (OBNDD) from August 2007

to January 2013. During my employment with the OBNDD, I completed numerous continuing education courses to include the Oklahoma Bureau of Narcotics Drug Investigator's Course and the Oklahoma Bureau of Narcotics Clandestine Laboratory Certification. In December 2011, I was certified as a single purpose narcotics K9 handler where I worked as a member of the OBNDD Interdiction Unit. I have participated in over three hundred (300) controlled-substance investigations including those for methamphetamine, marijuana, cocaine hydrochloride, cocaine base, heroin, ecstasy, and prescription narcotics. Those investigations related to the possession for sale, possession for personal use, distribution, transportation, trafficking, manufacturing, or cultivation of controlled substances.

    3.    Additionally, I have received training on the investigation of dangerous and prohibited mailings, namely, controlled substance investigations, as part of my employment with the USPIS. I have completed the USPIS basic and advanced Contraband Interdiction & Investigations courses. I have participated in regional USPIS interdictions located in Seattle, WA; Sacramento, CA; Fresno, CA; Oakland, CA; San Francisco, CA; Phoenix, Arizona; and Hawaii. These activities focused on intercepting/investigating controlled-substances and or bulk cash shipments related to illicit drug distribution activities. I have assisted other United States Postal Inspectors and acted as the Affiant for the application and execution of federal search warrants to open and seize contraband, fruits, instrumentalities, and evidence of crimes that were sent via the U.S. Mail. Furthermore, over the course of my law enforcement career, I have

received over 1,000 hours of law enforcement continuing education instruction provided by the USPIS, the Drug Enforcement Administration, the Bureau of Alcohol Tobacco and Firearms, the OBNDD, and other state and local law enforcement agencies. I have received law enforcement awards/recognitions including an Honorable Mention from the National Association of Police Organizations, an award for Heroism by the Federal Law Enforcement Officers' Association, and the Federal Law Enforcement Congressional Badge of Bravery.

4. The information contained in this Affidavit is submitted for the limited purpose of establishing probable cause to secure a search warrant for: a Samsung cellular phone & SIM with a dark grey back cover listing model "SM-A325M", "IMEI: 356263/31/416428/0 (herein referred to as "**TARGET DEVICE**"); seized from the custody of Alberto Rafael Mendez Lizarraga ("LIZARRAGA"). The **TARGET DEVICE** is currently located in the custody of the United States Postal Inspection Service at 6500 Air Cargo Road, Oklahoma City, Oklahoma 73195 (Western District of Oklahoma) and as described further in Attachment A (physical description), for evidence of violations of federal law, to wit: 21 U.S.C. § 846, Drug Conspiracy and or evidence of 21 U.S.C. § 841, Possession with intent to Distribute Controlled Substances, as described further in Attachment B (description of items to be seized).

5. This Affidavit is based upon the Affiant's personal investigation and upon information received from other law enforcement officers and agents and may not be inclusive of all evidence or information available or of all facts known to me relative to

3

this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause for the requested warrant.

## BACKGROUND REGARDING CELLULAR DEVICES

6. Based upon my training and experience, your Affiant is aware:

a. Individuals involved in trafficking illegal narcotics often use cellular phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, messaging applications, and videos.

b. Drug dealers often switch phones in order to avoid detection from law enforcement, and that drug dealers often have multiple phones that they use for different co-conspirators in order to separate their drug dealing.

c. Drug dealers keep old cellular telephones no longer in use in order to save telephone numbers of other co-conspirators, as well as other relevant information including text messages and photographs.

d. Individuals involved with sending/receiving controlled substances through the US Mail will often utilize their cellular phones to access the internet in order to search for parcel tracking numbers and or to receive parcel tracking status updates identifying the arrival of suspect parcels.

e. Drug dealers and users oftentimes have stored photographs, videos and/or text and voice messages associated with the use and distribution of controlled dangerous substances and proceeds derived therefrom for their own records and/or for the purpose of furthering their distribution activity maintained on their cellular telephones and other electronic handheld devices.

f. Drug distributors/consumers will often use coded words and phrases, as well as, extremely vague conversations, in order to discuss their plans and prevent anyone from overhearing their conversations and from recognizing that the conversations concern a criminal drug conspiracy.

g. Prospective drug purchasers, recipients, and/or users will often telephone the drug distributor to obtain permission to come to the distributor's location *i.e.* his business, residence, *etc.*, to obtain the drug.

h. Drug distributors will often have "sales people" bring prospective drug purchasers to him or her and these sales people will receive payment in cash, or in kind (a quantity of drugs), for bringing drug users/buyers to the distributor. These "sales people" often use the telephone to contact the distributor by voice or text message to arrange these meetings.

**PROBABLE CAUSE**

7. During 2023, the USPIS initiated an investigation into US Mail parcels being sent from southern California to Oklahoma which were suspected of containing controlled substances. On February 16, 2023, USPIS Inspectors intercepted Priority Mail parcel 9505

5138 1165 3045 4094 42. The parcel was mailed from Calexico, California, and was destined to an address in Holdenville, Oklahoma. The parcel was searched pursuant to federal search warrant M-23-77-STE. The parcel was found to contain multiple heat-sealed bundles of methamphetamine. The bundles had a combined approximate weight of 1,510 grams (weighed in packaging).

8. On July 12, 2023, I was contacted by San Diego, California, based USPIS Inspector R. MacAskill regarding Priority Mail parcel 9505 5138 1161 3193 7811 66. The parcel was mailed from Calexico, California, and was destined to an address in Holdenville, Oklahoma. Priority Mail parcel 9505 5138 1161 3193 7811 66 displayed indicators consistent with previous suspect parcels mailed to this Oklahoma distribution network including the utilization of the same sender name/address as the previously seized parcel (Priority Mail parcel 9505 5138 1165 3045 4094 42). At my request, Priority Mail parcel 9505 5138 1161 3193 7811 66 was forwarded directly to the USPIS Oklahoma City Domicile for further review.

9. On July 14, 2023, I obtained federal search warrant MJ-23-529-STE for the parcel. The parcel was searched pursuant to the search warrant and found to contain multiple heat-sealed bundles containing approximately 1,783 grams (weighed in packaging) of methamphetamine. The drug evidence seized from both parcels was sent to the USPIS Forensic Laboratory for examination. The USPIS Forensic Laboratory positively identified the substances from both parcels as methamphetamine.

10. Investigators obtained and reviewed surveillance video footage captured from Post Offices in an around the Calexico, California, area. The video footage depicted an individual consistent in appearance with LIZARRAGA mailing both of the above seized parcels. In each occurrence the mailer operated a silver moped.

11. On the July 12, 2023, parcel mailing, the mailer was observed utilizing a cellular phone during the transaction. I know from training and experience those involved in the distribution of controlled substances will often communicate with parcel recipients and other co-conspirators associated with the distribution network through cellular devices. These mailers will often send images of the parcel labels, messages identifying suspect tracking numbers, or other confirmation messages detailing the suspect shipments.

12. Additional USPS video footage showed an individual consistent in appearance with LIZARRAGA mailing five additional suspect parcels (not intercepted or searched) between February 2023 and July 2023, to addresses in Holdenville, Oklahoma.

13. On October 12, 2023, LIZARRAGA was indicted in the Eastern District of Oklahoma for Drug Conspiracy and Money Laundering Conspiracy. Following his indictment, I along with an additional USPIS investigator travelled to Calexico, California, to facilitate the arrest and interview of LIZARRAGA. On October 16, 2023, Homeland Security Investigations Special Agent D. Palmer, received an indication LIZARRAGA was attempting to cross the border from Mexico into the United States at the Calexico West Port of Entry. LIZARRAGA was taken into custody at the Port of Entry pursuant to his outstanding warrant. LIZARRAGA was operating a silver moped at the time of his arrest.

LIZARRAGA was in possession of the **TARGET DEVICE** which was seized as evidence during his arrest. During a search of his moped investigators located numerous blank address labels for Priority Mail packages.

14. Following his arrest, I along with additional investigators conducted an interview with LIZARRAGA at the Calexico Port of Entry. The interview was facilitated by utilizing a Spanish speaking Customs & Border Patrol Officer as a translator. LIZARRAGA was advised of his Constitutional Rights. LIZARRAGA acknowledged his Miranda rights and agreed to answer questions without an attorney present. LIZARRAGA acknowledged that the **TARGET DEVICE** was his telephone.

15. During his interview LIZARRAGA admitted to mailing packages to Oklahoma for another individual but claimed not to be aware of the contents. LIZARRAGA stated he would communicate via cellular phone with a friend in Mexico who would arrange for LIZARRAGA to make the shipments. LIZARRAGA advised he was directed by his Mexico based friend to meet with another unknown individual in the United States who would provide him with the packages for mailing. LIZARRAGA stated he would then contact his friend in Mexico to confirm/advise the package(s) had been mailed. LIZARRAGA claimed he had changed phones and phone numbers approximately three weeks ago and had not had contact with his friend in Mexico since then. LIZARRAGA was asked for consent to search the **TARGET DEVICE**, which he denied. The **TARGET DEVICE** was secured and maintained in the custody of federal law enforcement in California since the date it was seized. LIZARRAGA remained in federal custody pursuant to his arrest warrant/indictment.

16. On January 5, 2024, I arranged for the **TARGET DEVICE** to be sent from Inspector MacAskill to the USPIS Oklahoma City Domicile. On January 16, 2024, I received the **TARGET DEVICE** at the USPIS Oklahoma City Domicile, where it was secured.

17. Based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that telephone numbers, contact names, electronic mail (email) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of the **TARGET DEVICE**.

18. In light of the above facts and my experience and training, there is probable cause to believe that LIZARRAGA was using the **TARGET DEVICE** to communicate with others to further the distribution of illicit narcotics through the US Mail. Further, in my training and experience, narcotics traffickers may be involved in the planning and coordination of a drug smuggling event in the days and weeks prior to an event. Co-conspirators are also often unaware of a suspect's arrest and will continue to attempt to communicate with a suspect after their arrest to determine the whereabouts of the narcotics. Based on my training and experience, it is also not unusual for individuals, such as LIZARRAGA, to attempt to minimize the amount of time they were involved in their distribution activities, and for the individuals to be involved for weeks and months longer than they claim.

## **ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

19. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

   a. *Forensic evidence.* This application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device(s) were used, the purpose of its use, who used it, and when.

   b. *Nature of examination.* The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

   c. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## MANNER OF SEARCH AS TO VIDEOS, PHOTOGRAPHS, AND STORED COMMUNICATIONS

20. Your Affiant would note that based upon his aforementioned training and experience, relevant and/or incriminating text messages, videos, and photographs oftentimes are comingled on cellular telephones and electronic handheld devices with text messages, videos, and photographs which do not have an evidentiary value. However criminals engaged in communications furthering the nature of their criminal enterprise, in particular with investigations involving the use/distribution of controlled dangerous substances, many of these communications will involve cryptic/guarded and or otherwise coded jargon which is oftentimes utilized to conceal the nature of their illegal communication. As a result, a limited review of the content of each communication will be necessary to determine the nature of the communication and whether it is relevant to that information particularly set forth above within your Affiant's Affidavit.

21. Searching the electronic handheld device for the evidence described above may require a range of data analysis techniques. In some cases, it is possible for agents to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. For example, agents may be able to execute a 'Keyword" search that searches through the files stored in a computer for special words that are likely to appear only in the materials covered by a warrant. Similarly, officers may be able to locate the materials covered in the warrant by looking for particular directory or file names. In other cases, however, such techniques may not yield the evidence described in the

warrant. Criminals can mislabel or hide files to evade detection; or take other steps designed to frustrate law enforcement searches for information. These steps may require officers to conduct more extensive searches, such as scanning areas of the device's memory not allocated to listed files, or opening every file and scanning its contents briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, your affiant requests permission to use whatever dates analysis techniques appear necessary to locate and retrieve the evidence described above.

## AUTHORIZATION REQUESTS

22. Based on the above information, I submit there is probable cause to believe that a search of the **TARGET DEVICE** will yield evidence of LIZARRAGA's violations of Title 21 USC Sections 846 and 841. Therefore, I respectfully request that this Court issue a search warrant for the **TARGET DEVICE**, described in Attachment A, authorizing the seizure of the items described in Attachment B.

BRIAN HESS
United States Postal Inspector
United States Postal Inspection Service

Sworn and subscribed to before me this 17th day of January 2024.

AMANDA MAXFIELD GREEN
United States Magistrate Judge
Western District of Oklahoma

12

## ATTACHMENT "A"

TARGET DEVICE: a Samsung cellular phone & SIM with a dark grey back cover listing model "SM-A325M", "IMEI: 356263/31/416428/0. The **TARGET DEVICE** is currently located in the custody of the United States Postal Inspection Service at 6500 Air Cargo Road, Oklahoma City, Oklahoma 73195 (Western District of Oklahoma).





## ATTACHMENT "B"

All records on the Device, described in Attachment A, that relate to violations of law, including, specifically 21 U.S.C. § 846, Drug Conspiracy and or evidence of 21 U.S.C. § 841, Possession with intent to Distribute Controlled Substances. Your Affiant believes there are possibly text messages, contact information, photographs or other items communicated within this device that provide information about illegal activities which involve Alberto Rafael Mendez Lizarraga ("LIZARRAGA") and or possible co-conspirators including:

   a. Stored communications which are voice recordings/messages, text messages (SMS) and multimedia messages (MMS), emails and attachments, read or unread which relate to and provide evidence of criminal activity described in this affidavit;

   b. Stored communications voice or text based located within downloadable messaging applications or social media applications

   c. All internet usage history that may reveal evidence of drug trafficking, such as package tracking, internet mail communications, electronic payment receipts, etc.;

   d. Call logs/histories depicting incoming/outgoing numbers dialed to and from the above described telephone device which relate to and provide evidence of the above described criminal activity and further described in this affidavit;

   e. Internet World Wide Web (WWW) browser files including browser history, browser cache, browser favorites, auto-complete form history and stored passwords;

   f. Contacts, address books and calendars, customer lists and related identifying information such as names, nicknames and/or monikers within the above described telephone device which relate to and provide evidence of the above

described criminal activity and further described in this affidavit;

g. Photographs, audio/video recordings with their associated metadata relating to and which provide evidence of the above described criminal activity and further described in this affidavit;

h. Stored location information including global positioning system (GPS) data indicating coordinates, way points, tracks and locations in which the phone has traveled; and,

i. Data and user records/information, password(s) that would assist in identifying/confirming the owner(s)/user(s) of the above referenced property to be searched.